UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23468-CIV-ALTONAGA/Goodman

**GRETER ALVAREZ MARTIN**,

    Plaintiff,

v.

**ANDREW M. SAUL**,
*Commissioner of the Social
Security Administration*,

    Defendant.

_____/

## ORDER

On August 19, 2019, Plaintiff, Greter Alvarez Martin, filed a Complaint [ECF No. 1] seeking review of Defendant, Andrew M. Saul, Commissioner of the Social Security Administration's decision denying her disability benefits. (*See generally id.*). The case was referred to Magistrate Judge Jonathan Goodman for a report and recommendation on dispositive matters. (*See* [ECF No. 2]). Thereafter, the parties filed Motions for Summary Judgment. (*See* [ECF Nos. 29, 31]). On January 27, 2021, Magistrate Judge Goodman entered his Report and Recommendations on Summary Judgment Motions [ECF No. 33], recommending the Court deny Plaintiff's Motion, grant Defendant's Motion, and enter final judgment for Defendant. (*See id.* 1–2). Plaintiff subsequently filed objections to the Report [ECF No. 34], to which Defendant responded [ECF No. 36].

When a magistrate judge's findings or recommendations have been properly objected to, district courts must review the objected findings or recommendations *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or

general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). An objection is only entitled to *de novo* review if articulating a legal basis for the objection; merely reasserting a motion "without any reference to the magistrate judge's order or its findings [is] insufficient to convey to the district court the substance of any objection[.]" *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (alterations added).

In the absence of timely, specific objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed — not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)).

In his thorough and comprehensive analysis, Magistrate Judge Goodman considered the four issues raised by Plaintiff in her effort to reverse the decision of the Administrative Law Judge ("ALJ"), Rebecca Wolfe: (1) whether the ALJ sufficiently stated the weights given to the different medical opinions in the record; (2) whether the ALJ showed good cause to accord less than controlling weight to Plaintiff's treating physician; (3) whether the ALJ's residual functional capacity ("RFC") determination was supported by substantial evidence; and (4) whether the ALJ properly assessed Plaintiff's symptoms and limitations. (*See* Report 6 (collapsing the first two arguments into one for discussion purposes)). The Magistrate Judge did not find any of Plaintiff's arguments persuasive and explains why in his 14-page Report. (*See generally id.*).

Plaintiff raises four objections, but concedes she is "reassert[ing] and incorporate[ing]

herein her arguments as set forth in her motion for summary judgment[.]" (Objs. 2).[1] The Objections are virtually identical, rehashed versions of the arguments Plaintiff presented to the Magistrate Judge — in some cases copied and pasted line-by-line with only minor alterations. (*Compare* Pl.'s Mot., *with* Objs.).

Plaintiff's Objections are improper attempts to get a second bite at the apple without specifying any legal basis for why the Magistrate Judge's findings or conclusions are incorrect. For this reason alone, the objections are due to be overruled. *See, e.g.*, *Espaillat v. Saul*, No. 19-cv-61703, 2020 WL 5087030, at *2–3 (S.D. Fla. Aug. 28, 2020) ("It is well settled that an objecting party may not submit papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a Report." (alterations adopted; internal quotation marks and citation omitted)).

The Court must also overrule Plaintiff's Objections because each objection is essentially requesting the Court to exceed her scope of review of the ALJ's decision. Courts must affirm ALJ findings and conclusions that are supported by substantial record evidence, including credibility determinations. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005). Plaintiff — in both her Motion and in her Objections — argues the ALJ should have reached a different conclusion because certain evidence should have been afforded more weight. (*See, e.g.*, Obs. 4 ("[T]he [Report] does not acknowledge the plethora of clinically significant findings contained in the record[.]" (alterations added))). But this is beyond the scope of the Court's review; the question is whether substantial evidence supports the ALJ's decision, not whether the evidence, if considered differently, could support a different conclusion. *See Bloodsworth v. Heckler*, 703 F.2d

---

[1] The Court refers to Plaintiff's Objections using the header pagination created by the CM/ECF database.

CASE NO. 19-23468-CIV-ALTONAGA/Goodman

1233, 1239 (11th Cir. 1983) ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [ALJ]. *Even if we find that the evidence preponderates against the [ALJ]'s decision*, we must affirm if the decision is supported by substantial evidence." (alterations and emphasis added; citations omitted)).

The undersigned has reviewed the Report, the record, and the applicable law *de novo*. Considering that review, the undersigned agrees with the analysis and recommendations stated in the Report and agrees with Judge Goodman's conclusions. Accordingly, it is

**ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendations on Summary Judgment Motions **[ECF No. 33]** are **ADOPTED**.

2. Plaintiff's Motion for Summary Judgment **[ECF No. 29]** is **DENIED**.

3. Defendant's Motion for Summary Judgment **[ECF No. 31]** is **GRANTED**. Final judgment shall issue by separate order.

4. The Clerk is directed to **CLOSE** this case. All other pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of March, 2021.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record